USDC SCAN INDEX SHEET

















SWD    5/4/05    13:52

3:05-CV-00939   TENORIO V. HUNT BUILDING CORP

*1*

*NTCREM.*

1   SULLIVAN, HILL, LEWIN, REZ & ENGEL
    A Professional Law Corporation
2     John R. Heisner, SBN 55716
      Donald G. Rez, SBN 082615
3     Robert P. Allenby, SBN 156926
    550 West "C" Street, Suite 1500
4   San Diego, California 92101
    Telephone: (619) 233-4100
5   Fax Number: (619) 231-4372

6   Attorneys for Defendant Hunt Building Company, Ltd.

7

8

9

10

**FILED**

05 MAY -4 PM 12: 18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11

12  KENNETH TENORIO, individually, and on       )   Case No. **05 CV 0939 BEN (POR)**
    behalf of other members of the general       )
13  public similarly situated,                    )   **NOTICE OF REMOVAL OF ACTION**
                                                  )   **UNDER 28 U.S.C. § 1441(b)**
14                Plaintiff,                       )
                                                  )   **(DIVERSITY)**
15  v.                                            )
                                                  )
16  HUNT BUILDING CORPORATION, a                  )
    Texas corporation; and DOES 1 through 10,     )
17  inclusive,                                    )
                                                  )
18                Defendants.                      )
    _____  )

19       **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20       PLEASE TAKE NOTICE that Defendant Hunt Building Company, Ltd., a Texas limited

21  partnership, sued herein as Hunt Building Corporation, a Texas corporation ("Hunt"), hereby

22  removes to this Court the state court action described below.

23       1.       On April 5, 2005, an action was commenced in the Superior Court of the State of

24  California for the County of San Diego, entitled *Tenorio v. Hunt Building Corporation,* as Case No.

25  GIC842808.  A copy of the Complaint is attached hereto as Exhibit "A".

26

27

28

ODMA\PCDOCS\PCDOCS\238401\1

ORIGINAL              NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

1        2.     The first date upon which Defendant Hunt received a copy of said Complaint was

2    April 6, 2005, when Defendant was served with a copy of said Complaint and a Summons from the

3    said State court. A copy of the Summons is attached hereto as Exhibit "B".

4        3.     This action is a civil action of which this Court has original jurisdiction under 28

5    U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the

6    provisions of 28 U.S.C. § 1441(b) in that it is a civil class action between citizens of different states

7    and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Plaintiff has

8    plead in his Complaint that he estimates the membership of the entire "class" proposed therein to be

9    greater than 100 individuals and that the respective claims for compensatory damages and pro rata

10   share of attorneys' fees is less than $75,000. Said allegations regarding the amount in controversy

11   imply that there are at least 100 individual claims in an amount no greater than $74,999 each.

12       4.     Defendant is informed and believes that Plaintiff Kenneth Tenorio was, and still is, a

13   citizen of the State of California.

14       5.     Defendant was, at the time of the filing of this action and still is, a corporation

15   incorporated under the laws of the State of Texas, having its principal place of business in the State

16   of Texas and, upon information and belief, is the only defendant that has been served with the

17   Summons and Complaint in this action.

18   Dated:    May 4, 2005               SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                             A Professional Law Corporation

19

20                                   By:

21                                       John R. Heisner

22                                       Donald G. Rez
                                    Robert P. Allenby

23                                       Attorneys for Defendant
                                    Hunt Building Company, Ltd.

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

Fax:619-276-4148          Apr  6 2005   9:01      P. 03

04/05/2005 TUE 11:45  FAX                                    ☒002/018

FILED
CIVIL BUSINESS OFFICE 12
CENTRAL DIVISION

2005 APR -5 P 2: 42

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1   Mark Yablonovich, Esq. (SBN 186670)
    Marc Primo, Esq. (SBN 216796)
2   Initiative Legal Group LLP
    10100 Santa Monica Blvd. Suite 2430
3   Los Angeles, California 90067
    Telephone:    (310) 556-5637
4   Facsimile:    (310) 861-9051

5   Attorneys for Plaintiffs/Class Members

6

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF SAN DIEGO**

10

**FILE BY FAX**

| | |
|---|---|
| 11   KENNETH TENORIO, individually, and on behalf of other members of the general public similarly situated, | **Case Number: GIC842808** |
| 12 | |
| 13                      Plaintiffs, | **CLASS ACTION** Class Action Pursuant to California Code of Civil Procedure § 382 |
| 14   vs. | [Assigned for all purposes to: Hon. Richard E. L. Strauss, Dept. 75] |
| 15   HUNT BUILDING CORPORATION, a Texas corporation; and DOES 1 through 10, inclusive, | **First Amended Class Action Complaint For:** |
| 16 | |
| 17                      Defendants. | (1) Violation of California Labor Code §§ 510 and 1198; |
| 18 | |
| 19 | (2) Violation of California Labor Code § 204; |
| 20 | (3) Violation of California Labor Code §§ 201 or 202; |
| 21 | |
| 22 | (4) Violation of California Labor Code §§ 226.7(a) and 512(a); |
| 23 | (5) Violation of California Labor Code § 226(a); |
| 24 | |
| 25 | (6) Conversion and Theft of Labor; and |
| 26 | (7) Violation of California Business & Professions Code § 17200, et seq.; |
| 27 | **Jury Trial Demanded** |
| 28 | |

FIRST AMENDED CLASS ACTION COMPLAINT

1   Plaintiff, individually and on behalf of all others similarly situated, and on behalf of

2   the general public, alleges as follows:

3   <u>JURISDICTION AND VENUE</u>

4   1.   This class action is brought pursuant to <u>California Code of Civil Procedure</u> §

5   382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal

6   jurisdiction limits of the Superior Court and will be established according to proof at trial.

7   The amount in controversy for each class representative, including their claims for

8   compensatory damages and pro rata share of attorney fees, is less than $75,000.

9   2.   This Court has jurisdiction over this action pursuant to California Constitution

10  Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except

11  those given by statute to other courts."  The statutes under which this action is brought do not

12  specify any other basis for jurisdiction.

13  3.   This Court has jurisdiction over all Defendants because, based on information

14  and belief, each party is either a citizen of California, has sufficient minimum contacts in

15  California, or otherwise intentionally avails itself of the California market so as to render the

16  exercise of jurisdiction over it by the California courts consistent with traditional notions of

17  fair play and substantial justice.

18  4.   Venue is proper in this Court because, upon information and belief, one or

19  more of the named Defendants reside, transact business, or have offices in this county and

20  the acts and omissions alleged herein took place in this county.

21  <u>THE PARTIES</u>

22  5.   Plaintiff KENNETH TENORIO (hereinafter "Tenorio" or collectively as

23  "Plaintiffs" or "Plaintiff"), is a resident of San Diego County, in the state of California.

24  6.   Defendant HUNT BUILDING CORPORATION (hereinafter "Hunt"or

25  collectively as "Defendants" or "Defendant"), was and is, upon information and belief, a

26  Delaware corporation doing business within the state of California, and at all times

27  hereinafter mentioned, is an employer whose employees are engaged throughout this county,

28  the state of California, or the various states of the United States of America.

- 2 -   <u>FIRST AMENDED CLASS ACTION COMPLAINT</u>

1        7.    Hunt Building Corporation, a Texas corporation will hereafter be collectively

2    referred to as "Defendants."

3        8.    Plaintiff is informed and believes, and thereon alleges, that each of said

4    Defendants are in some manner intentionally, negligently, or otherwise responsible for the

5    acts, occurrences, and transactions alleged herein.

6        9.    Plaintiff is unaware of the true names or capacities of the Defendants sued

7    herein under the fictitious names DOES 1-10, but prays for leave to amend and serve such

8    fictitiously named Defendants pursuant to California Code of Civil Procedure § 474, once

9    their names and capacities become known.

10       10.    Plaintiff is informed and believes, and thereon alleges, that Does 1-10 are the

11   partners, owners, shareholders or managers of Defendants, and were acting on behalf of

12   Defendants.

13       11.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

14   acts and omissions alleged herein were performed by, or are attributable to, all Defendants,

15   each acting as the agent for the other, with legal authority to act on the other's behalf.  The

16   acts of Defendants were in accordance with, and represent the official policy of Defendants.

17       12.    At all times herein mentioned, Defendants, and each of them, ratified each and

18   every act or omission complained of herein.  At all times herein mentioned, the Defendants,

19   and each of them, aided and abetted the acts and omissions of each and all the other

20   Defendants in proximately causing the damages herein alleged.

21       **CLASS ACTION ALLEGATIONS**

22       13.    Plaintiff brings this action on his or her own behalf, as well as, each and all

23   other persons similarly situated, and thus, seeks class certification under California Code of

24   Civil Procedure § 382.

25       14.    All claims alleged herein arise under California law for which Plaintiff seeks

26   relief authorized under California law.

27       15.    The proposed class is comprised of, and defined as:

28

1  All current and former exempt hourly workers employed by Defendants at their

2  business locations within the state of California, who failed to receive regular or

3  overtime wages, or meal and rest breaks within four (4) years of the filing of this

4  complaint.

5

6      16.    There is a well defined community of interest in the litigation and the class is

7  easily ascertainable:

8      a.    Numerosity: The members of the class, and each subclass, if any, are so

9  numerous that joinder of all members would be unfeasible and not practicable. The

10  membership of the entire class is unknown to Plaintiff at this time, however, the class is

11  estimated to be greater than 100 individuals, and the identity of such membership is readily

12  ascertainable by inspection of Defendant's employment records.

13      b.    Typicality: Plaintiff is qualified to, and will, fairly and adequately

14  protect the interests of each class member, with whom he or she has a well defined

15  community of interest and typicality of claims, as demonstrated above. Plaintiff

16  acknowledges the obligation to make known to the Court any relationship, conflicts or

17  differences with any class member. Plaintiff's attorneys and the proposed class counsel are

18  versed in the rules governing class action discovery, certification, and settlement. Plaintiff

19  has incurred, and during the pendency of this action, will continue to incur, costs and

20  attorney's fees, that have been, are, and will be necessarily expended for the prosecution of

21  this action for the substantial benefit of each class member.

22      c.    Adequacy: Plaintiffs are qualified to, and will, fairly and adequately

23  protect the interests of each class member, with whom they have a well-defined community

24  of interest and typicality of claims, as demonstrated above. Plaintiffs acknowledge that they

25  have an obligation to make known to the Court any relationship, conflicts or differences with

26  any class member. Plaintiffs' attorneys and the proposed class counsel are versed in the rules

27  governing class action discovery, certification, and settlement. Plaintiffs have incurred, and

28  during the pendency of this action, will continue to incur, costs and attorney's fees, that have

1   been, are, and will be necessarily expended for the prosecution of this action for the

2   substantial benefit of each class member.

3          d.      Superiority: The nature of this action makes the use of class action

4   adjudication superior to other methods. Class action will achieve economies of time, effort,

5   and expense as compared to separate lawsuits, and avoid inconsistent outcomes, because the

6   same issues can be adjudicated in the same manner for the entire class.

7          e.      Public Policy Consideration: Employers of the state violate employment

8   and labor laws every day. Current employees are often afraid to assert their rights out of fear

9   of direct or indirect retaliation. Former employees are fearful of bringing actions because

10  they believe their former employers can damage their future endeavors through negative

11  references and other means. Class actions provide the class members who are not named in

12  the complaint with a type of anonymity that allows for the vindication of their rights.

13         17.     There are common questions of law and fact as to the class, and each subclass,

14  if any, that predominate over questions affecting only individual members, including, but not

15  limited to:

16         a.      Whether Defendants required the Plaintiff and the other class members

17  to work over eight (8) hours per day or forty (40) hours per week and failed to pay premium

18  overtime compensation to the Plaintiff and the other class members;

19         b.      Whether Defendants' failure to pay wages, without abatement or

20  reduction, in accordance with the California Labor Code, was willful;

21         .c.     Whether Defendant deprived the Plaintiff and the other class members

22  of meal and rest periods and/or required the Plaintiff and the class members to work during

23  meal and rest periods without compensation;

24         d.      Whether Defendants properly complied with wage reporting as required

25  by the California Labor Code;

26         e.      The appropriate amount of monetary penalties resulting from

27  Defendants' failure to comply with the reporting requirements of the California Labor Code

28  Whether Defendant;

- 5 -   FIRST AMENDED CLASS ACTION COMPLAINT

1        f.     Whether Defendant improperly retained, converted, appropriated or

2  deprived the Plaintiff and the other class members of the use of monies or sums to which the

3  class was legally entitled Whether Defendant;

4        g.     Whether Defendant engaged in unfair business practices in violation of

5  California Business & Professions Code § 17200, et seq.;

6        h.     Whether Defendant's conduct was willful or reckless;

7        i.     The effect upon and the extent of injuries suffered by the class and the

8  appropriate amount of compensation; and

9        j.     The appropriate amount of monetary penalties resulting from

10  Defendant's violations of California law.

11              **FACTUAL ALLEGATIONS**

12     18.    At all times set forth, Defendants employed Plaintiff and other persons in the

13  capacity of Customer Service Representative.

14     19.    Defendants employed Plaintiff as a Demolition Laborer from approximately

15  November of 2003 to December of 2004.

16     20.    Defendants continue to employ hundreds of employees within California.

17     21.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

18  mentioned, Defendant was advised by skilled lawyers and other professionals, employees and

19  advisors knowledgeable about California labor and wage law and employment and personnel

20  practices, and about the requirements of California law.

21     22.    Defendant knew or should have known that Plaintiff and other members of the

22  class were not receiving meal and rest periods, because, among other things, Defendants'

23  agents, officers and employees witnessed Plaintiff and other members of the class working

24  such hours, and Defendants' own work schedules indicate that these hours were worked.

25     23.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

26  mentioned, Defendant knew that it had a duty to compensate Plaintiff and other members of

27  the class, and that Defendant had the financial ability to pay such compensation, but

28  willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and

1    other members of the class that they were properly denied wages, all in order to increase

2    Defendant's profits.

3                        **FIRST CAUSE OF ACTION**

4              **Violation of California Labor Code §§ 510 and 1198**

5                        **(Against all Defendants)**

6        24.    Plaintiff incorporates by reference and realleges as if fully stated herein the

7    material allegations set out in this Complaint.

8        25.    At all times herein set forth, California Labor Code § 1194(a) authorizes an

9    employee to recover in a civil action the unpaid balance of the full amount of overtime wages

10   due.

11       26.    At all times herein set forth, California Labor Code §1198 provides that it is

12   unlawful to employ persons for longer than the hours set by the Industrial Welfare

13   Commission ("IWC").

14       27.    At all times herein set forth, the IWC Wage Order applicable to Plaintiff's and

15   the other class members' employment by Defendants provides that employees working for

16   more than eight (8) hours in a day or more than forty (40) hours in a workweek are entitled to

17   payment at the rate of time and one-half of their regular rate for all hours worked in excess of

18   eight (8) hours in a day or more than forty (40) hours in a workweek, and an employee who

19   works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of

20   two times his or her regular rate of pay.

21       28.    California Labor Code § 510 has codified the right to overtime compensation at

22   one and one-half times the regular rate for hours worked in excess of eight (8) hours in a day

23   or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of

24   work, and to overtime compensation at twice the regular hourly rate for hours worked in

25   excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh

26   day of work.

27       29.    During the relevant time period, Defendants failed to pay premium overtime

28   wages to the Plaintiff and the other members of the class.

- 7 -    FIRST AMENDED CLASS ACTION COMPLAINT

30.    Defendants' failure to pay Plaintiff and other class members the unpaid balance of premium overtime compensation, as required by California state law, violates the provisions of <u>California Labor Code</u> §§ 510 and 1198 and is therefore unlawful.

31.    Pursuant to <u>California Labor Code</u> § 1194, Plaintiff and other class members are entitled to recover their unpaid overtime compensation as well as interest, costs, and attorney's fees.

<div align="center">

**SECOND CAUSE OF ACTION**

**Violation of <u>California Labor Code</u> § 204**

**(Against All Defendants)**

</div>

32.    Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out in this Complaint.

33.    At all times herein set forth, <u>California Labor Code</u> § 218 authorizes employees to sue directly for any wages or penalty due to them under the Labor Code.

34.    At all times herein set forth, <u>California Labor Code</u> § 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

35.    At all times herein set forth, <u>California Labor Code</u> § 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

36.    At all times herein set forth, <u>California Labor Code</u> § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

37.    During the relevant time period, Defendants failed to pay the regular and overtime wages of the Plaintiff and other members of the class within the time frame set forth in <u>California Labor Code</u> § 204.

38.     During the relevant time period, the Plaintiff and the other members of the class were required to work "off-the-clock", and failed to timely receive compensation for the labor performed "off-the-clock."

39.     Plaintiff and other members of the class are entitled to recover all unpaid wages, and such general and special damages as may be appropriate, as well as interest on all due and unpaid wages pursuant to <u>California Labor Code</u> § 218.6, accrued from the date that the wages were due and payable at the rate of interest specified in <u>California Civil Code</u> § 3289(b), costs of suit incurred herein; and for such other and further relief as the Court may deem appropriate.

### THIRD CAUSE OF ACTION

#### Violation of <u>California Labor Code</u> §§ 201 or 202

#### (Against all Defendants)

40.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out in this Complaint.

41.     At all times herein set forth, <u>California Labor Code</u> § 218 authorizes employees to sue directly for any wages or penalty due to them under the <u>California Labor Code</u>.

42.     At all times herein set forth, <u>California Labor Code</u> §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

43.     During the relevant time period, Defendants failed to pay those class members who are no longer employed by Defendants their wages earned and unpaid either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

44.     Defendants' failure to pay those class members who are no longer employed by Defendants their wages earned and unpaid either at the time of discharge or within seventy-

FIRST AMENDED CLASS ACTION COMPLAINT

1    two (72) hours of their leaving Defendants' employ violated <u>California</u> <u>Labor</u> <u>Code</u> §§ 201

2    or 202.

3         45.    <u>California</u> <u>Labor</u> <u>Code</u> § 203 provides that if an employer willfully fails to pay,

4    without abatement or reduction, in accordance with <u>California</u> <u>Labor</u> <u>Code</u> §§ 201 and 202,

5    any wages of the employee shall continue as a penalty from the due date thereof at the same

6    rate until paid or until an action therefore is commenced; but the wages shall not continue for

7    more than thirty (30) days.  Suit may be filed for these penalties at any time before the

8    expiration of the statute of limitations on an action for the wages from which the penalties

9    arise.

10        46.    Plaintiff and other class members are entitled to recover from Defendants the

11   statutory penalty for each day they were not paid at their regular rate of pay up to a thirty (30)

12   day maximum pursuant to <u>California</u> <u>Labor</u> <u>Code</u> § 203.

### FOURTH CAUSE OF ACTION

#### Violation of <u>California</u> <u>Labor</u> <u>Code</u> §§ 226.7(a) and 512(a)

#### (Against all Defendants)

16        47.    Plaintiff incorporates by reference and realleges as if fully stated herein the

17   material allegations set out in this Complaint.

18        48.    At all times herein set forth, <u>California</u> <u>Labor</u> <u>Code</u> § 218 authorizes employees

19   to sue directly for any wages or penalty due to them under the <u>California</u> <u>Labor</u> <u>Code</u>.

20        49.    At all times herein set forth, the California Industrial Wage Commission Order

21   and <u>California</u> <u>Labor</u> <u>Code</u> §§ 226.7(a) and 512(a) were applicable to Plaintiff's and other

22   class members' employment by Defendants.

23        50.    At all times herein set forth, <u>California</u> <u>Labor</u> <u>Code</u> § 226.7(a) provides that no

24   employer shall require an employee to work during any meal or rest period mandated by an

25   applicable order of the California Industrial Welfare Commission.

26        51.    At all times herein set forth, <u>California</u> <u>Labor</u> <u>Code</u> § 512(a) provides that an

27   employer may not employ an employee for a work period of more than five (5) hours per day

28   without providing the employee with a meal period of not less than thirty (30) minutes,

1  except that if the total work period per day of the employee is not more than six (6) hours, the

2  meal period may be waived by mutual consent of both the employer and the employee.

3      52.    At all times herein set forth, <u>California Labor Code</u> § 512(a) further provides

4  that an employer may not employ an employee for a work period of more than ten (10) hours

5  per day without providing the employee with a second meal period of not less than thirty (30)

6  minutes, except that if the total hours worked is no more than twelve (12) hours, the second

7  meal period may be waived by mutual consent of the employer and the employee only if the

8  first meal period was not waived.

9      53.    During the relevant time period, the Defendant required the Plaintiff and other

10 members of the class to work in excess of four (4) hours without providing a ten (10) minute

11 rest period.

12     54.    During the relevant time period, the Defendant required the Plaintiff and other

13 members of the class to work an additional four (4) hours without providing a second ten

14 (10) minute rest period.

15     55.    During the relevant time period, Plaintiff and other members of the class who

16 were scheduled to work for a period of time no longer than six (6) hours, and who did not

17 waive their legally-mandated meal periods by mutual consent, were required to work for

18 periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

19     56.    During the relevant time period, Plaintiff and other class members who were

20 scheduled to work for a period of time in excess of six (6) hours, were required to work for

21 periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

22     57.    During the relevant time period, Plaintiff and other members of the class who

23 were scheduled to work in excess of ten (10) hours but not longer than twelve (12) hours,

24 and who did not waive their legally-mandated meal periods by mutual consent were required

25 to work in excess of ten (10) hours without receiving a second meal period of not less than

26 thirty (30) minutes.

27

28

- 11 -      <u>FIRST AMENDED CLASS ACTION COMPLAINT</u>

58.   During the relevant time period, Plaintiff and other members of the class who were scheduled to work in excess of twelve (12) hours were required to work in excess of ten (10) hours without receiving a second meal period of not less than thirty (30) minutes.

59.   During the relevant time period, the Defendants required the Plaintiff and other members of the class to work during meal and rest periods and failed to compensate Plaintiff and members of the class for work performed during meal and rest periods.

60.   Defendants' conduct violates applicable orders of the California Industrial Wage Commission, and California Labor Code §§ 226.7(a) and 512(a).

61.   Pursuant to California Labor Code § 226.7(b), Plaintiff and other members of the class are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)

### (Against all Defendants)

62.   Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out in this Complaint.

63.   At all times herein set forth, California Labor Code § 218 authorizes employees to sue directly for any wages or penalty due to them under the California Labor Code.

64.   Defendants, and each of them, have either recklessly or intentionally failed to make, keep and preserve true, accurate, and complete records pursuant to the requirements of California Labor Code § 226(a).

65.   Plaintiff and the other members of the class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a) or an aggregate penalty not exceeding four thousand dollars ($4,000), and an award of costs and reasonable attorney's fees pursuant to California Labor Code § 226(e).

FIRST AMENDED CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION

### Conversion and Theft of Labor

### (Against all Defendants)

66.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out in this Complaint.

67.     Pursuant to statute, including but not limited to California Labor Code §§ 216, 225, and 226.6 and California Penal Code §§ 484 and 532, it is a criminal violation of law to fail to pay wages on the next payday after they are earned.

68.     During the relevant time period, Defendant refused to pay the wages due to Plaintiff and other members of the class, as alleged herein.  Plaintiff and other members of the class owned and had the right to possess the withheld wages.  Defendant wilfully and without legal justification interfered with Plaintiff's right to own and possess earned wages.  The exact amount of those wages is capable of being made certain from a review of either the information of Plaintiff and other class members, or from the records of Defendant.

69.     In refusing to pay wages to the Plaintiff and other class members, Defendant unlawfully and intentionally took and converted the property of Plaintiff and other class members to their own use.  At the time the conversion took place, Plaintiff and other class members were entitled to immediate possession of the amounts of wages payable.  This conversion was oppressive, malicious, and fraudulent.  This conversion was concealed by the Defendant from the Plaintiff and other class members.

70.     The amount of wages converted by Defendant from Plaintiff and each class member is easily ascertainable through Defendant's records that employers are required by law to keep.

71.     Plaintiff and other class members have been injured by this conversion and are entitled to all monies converted by Defendant with interest thereon pursuant to California Civil Code § 3336, any and all profits whether direct or indirect, the Defendant acquired by their conversion, and punitive or exemplary damages pursuant to California Civil Code § 3294.

## SEVENTH CAUSE OF ACTION

### Violation of <u>California Business & Professions Code</u> § 17200, et seq.

### (Against all Defendants)

72.    Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out in this Complaint

73.    The conduct of Defendant alleged in this complaint has been, and continues to be, unfair, unlawful, and harmful to the Plaintiff, the other members of the class, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of <u>Code of Civil Procedure</u> § 1021.5.

74.    Defendant's activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of <u>California Business & Professions Code</u> § 17200, et seq.

75.    Pursuant to <u>California Business & Professions Code</u> § 17200, et seq., Plaintiff and all class members are entitled to restitution of the wages withheld and retained by Defendant during a period that commences four years prior to the filing of this complaint, a permanent injunction requiring Defendant to pay all outstanding wages due to class members, an award of attorneys' fees pursuant to <u>California Code of Civil Procedure</u> § 1021.5 and other applicable law, and costs.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiffs be appointed as the representatives of the class; and

3.    That counsel for Plaintiffs be appointed as class counsel.

1

<center>As to the First Cause of Action</center>

2      4.    For general unpaid wages at overtime wage rates, and such general and special

3  damages as may be appropriate;

4      5.    For interest on all due and unpaid wages, accrued from the date that the wages

5  were due and payable pursuant to California Civil Code § 3287(a) and California Labor Code

6  §§ 1194(a) and 218.6, at the rate of interest specified in California Civil Code § 3289(b);

7      6.    For cost of suit incurred herein pursuant to California Code of Civil Procedure

8  § 1032 and California Labor Code § 1194(a);

9      7.    For reasonable attorney's fees pursuant to California Labor Code § 1194(a);

10  and

11      8.    For such other and further relief as the Court may deem appropriate.

12  <center>As to the Second Cause of Action</center>

13      9.    For unpaid wages, and such general and special damages as may be

14  appropriate;

15      10.    For interest on all due an unpaid wages, accrued from the date that the wages

16  were due and payable, at the rate of interest specified in subdivision (b) of § 3289 of the

17  California Civil Code, pursuant to California Labor Code § 218.6;

18      11.    For costs of suit incurred herein; and

19      12.    For such other and further relief as the Court may deem appropriate.

20  <center>As to the Third Cause of Action</center>

21      13.    For all actual, consequential, and incidental losses and damages, according to

22  proof;

23      14.    For statutory penalties pursuant to California Labor Code § 203 for Plaintiff

24  and all other class members who have left Defendants' employ;

25      15.    For costs of suit incurred herein; and

26      16.    For such other and further relief as the Court may deem appropriate.

27  \\\

28

<div align="center"><u>As to the Fourth Cause of Action</u></div>

17.   For all actual, consequential, and incidental losses and damages, according to proof;

18.   For statutory penalties pursuant to <u>California Labor Code</u> § 226.7(b);

19.   For costs of suit incurred herein; and

20.   For such other and further relief as the Court may deem appropriate.

<div align="center"><u>As to the Fifth Cause of Action</u></div>

21.   For all actual, consequential, and incidental losses and damages, according to proof;

22.   For statutory penalties pursuant to <u>California Labor Code</u> § 226(e);

23.   For reasonable costs and attorney's fees pursuant to <u>California Labor Code</u> § 226(e); and

24.   For such other and further relief as the Court may deem appropriate.

<div align="center"><u>As to the Sixth Cause of Action</u></div>

25.   For all actual, consequential, and incidental losses and damages, according to proof;

26.   For all monies converted by Defendant that Plaintiff and other members of the class are entitled to recover under <u>California Civil Code</u> § 3336;

27.   For pre-judgment interest on all monies converted by Defendant from the day such amounts were due that Plaintiff and other members of the class are entitled to recover under <u>California Civil Code</u> § 3287;

28.   For any and all profits whether direct or indirect, the Defendant acquired by their conversion;

29.   For punitive and exemplary damages pursuant to <u>California Civil Code</u> § 3294;

30.   For reasonable attorney's fees that Plaintiff and other members of the class are entitled to under <u>California Code of Civil Procedure</u> § 1021.5;

31.   For costs of suit incurred herein; and

32.   For such other and further relief as the Court may deem appropriate.

<div align="right">- 16 -    FIRST AMENDED CLASS ACTION COMPLAINT</div>

1

<u>As to the Seventh Cause of Action</u>

2    33.    For all actual, consequential, and incidental losses and damages, according to

3    proof;

4    34.    For restitution of "unpaid wages" to all class members and pre-judgment

5    interest from the day such amounts were due;

6    35.    For the appointment of a receiver to receive, manage, and distribute any and all

7    funds disgorged from the Defendant determined to have been wrongfully acquired by the

8    Defendant as a result of violations of <u>California</u> <u>Business</u> & <u>Professions</u> <u>Code</u> § 17200 et

9    seq.;

10   36.    For reasonable attorney's fees that Plaintiff and other members of the class are

11   entitled to recover under <u>California</u> <u>Code</u> of <u>Civil</u> <u>Procedure</u> § 1021.5;

12   37.    For costs of suit incurred herein; and

13   38.    For such other and further relief as the Court may deem appropriate.

14

15

16   Dated:  April 5, 2005                     Respectfully submitted,

17                                             Initiative Legal Group LLP

18

19

20

21   By: _____

22                                             Mark Yablonovich, Esq.
                                               Marc Primo, Esq.
23                                             Attorneys for Plaintiffs

24

25

26

27

28

02/14/2005  16:36  1323526434                RONSIN ACCOUNTING                          PAGE  02/17
02/14/2005 MON 15:40 FAX 1323526434          RONSIN ACCOUNTING                          Ø002/017

**ORIGINAL**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HUNT BUILDING CORPORATION, a Texas corporation; and DOES 1
through 10, inclusive,

APR - 6 2005

12:05 MV

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KENNETH TENORIO, individually, and on behalf of other members of
the general public similarly situated,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro, en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

GIC 842808

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|

Superior Court of California, County of San Diego, Central Division, 220
West Broadway, San Diego, California 92112-2724.

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark Yablonovich (Bar # 186670)   Initiative Legal Group LLP
10100 Santa Monica Blvd, Suite 2430                                           Phone No. (310) 556-5637
Los Angeles, California 90067                                                 Fax No. (310) 861-9051

DATE: **FEB 1 5 2005**                     Clerk, by _L. DORRANCE_              , Deputy
*(Fecha)*                                  *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:  HUNT BUILDING CORPORATION

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [New January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

LexisNexis *Automated California Judicial Council Forms*

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

KENNETH TENORIO, individually, and on behalf of other members of the general public similarly situated,

## DEFENDANTS

HUNT BUILDING CORPORATION, a Texas corporation; and DOES 1 through 10, inclusive,

FILED

05 MAY -4 PM 12: 18

CLERK, U.S. DISTRICT COURT

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  El Paso, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

05 CV 0939   BEN (POR)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark Yablonovich (SBN 186670)
Initiative Legal Group LLP
10100 Santa Monica Blvd., Suite 2430
Los Angeles, CA 90067
(310) 556-5637

ATTORNEYS (IF KNOWN)
John R. Heisner (SBN 55716)
Sullivan, Hill, Lewin, Rez & Engel
550 West C Street, Suite 1500
San Diego, CA 92101
(619) 233-4100

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 810 Selective Service |
| | | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Tort Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [X] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §§ 1332 & 1441(b)

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 0.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE
May 4, 2005

SIGNATURE OF ATTORNEY OF RECORD
Sullivan, Lewin Rez & Engel

FOR OFFICE USE ONLY

ORIGINAL

RECEIPT # 113472    AMOUNT 250-    APPLYING IFP MS    JUDGE _____    MAG. JUDGE _____